# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL VILLATORO MELENDEZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | Case No.: 17cv1928-MMA (BGS) **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION** |

Petitioner Joel Villatoro Melendez, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to Title 28 of the United States Code, section 2241, requesting the Court "cease and desist . . . all proceedings, and, expunge/dissolve the entire record, the arrest, prosecution, criminal records and identification" because Petitioner has satisfied his judgment in full. *See* Doc. No. 1. For the reasons set forth below, the Court **DISMISSES** Melendez's petition.

## BACKGROUND

On January 30, 2017, The Court accepted Petitioner's guilty plea to attempted reentry of a removed alien, Case No. 16CR2750-W, in the United States District Court for the Southern District of California. Doc. No. 1 at 22. The Court sentenced Petitioner to one year and one day term of imprisonment, a two year term of supervised release, and an assessment of $100.00. *Id.* at 15-16.

## DISCUSSION

### 1. *Screening the Petition*

Pursuant to Rule 4 of the Rules governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[1] "If it

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1

plainly appears from the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is insufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491.

The difficulty with this petition is that Petitioner fails to advise the Court of the relevant details surrounding his claims. For example, ground one of the petition states that "[a]n actual payment of a judgment in full to a person authorized to receive it operates as a discharge of the judgment. It also discharges the lien created by the judgment since such lien cannot exist independently of the judgment which created it." Doc. No. 1 at 7. The Court cannot determine from Petitioner's vague factual statements what judgment and lien were discharged. The remaining three claims are similarly vague. The Court in this case is unable to determine the reasons for Petitioner's allegedly unconstitutional detention. Accordingly, the petition must be dismissed as vague.

**2.** *Jurisdiction*

Challenges to the "manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. *Id.* at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241;

*Hernandez*, 204 F.3d at 864-65 ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions challenging the manner, location or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *Tripati*, 843 F.2d at 1162.

Although filed pursuant to § 2241, the present petition does not challenge the conditions or execution of a federal sentence. Instead, Petitioner challenges the validity and constitutionality of his conviction. *See McCaleb v. United States*, No. CV 12-8422-JFW (PLA), 2012 WL 4815084, at *1-2 (C.D. Cal. Oct. 9, 2012) (finding that claims seeking closure and discharge of the judgment challenge the legality of continuing confinement and not the conditions of confinement). Therefore, should Petitioner wish to pursue his claims in federal court, the appropriate procedure would be to file a § 2255 motion in the sentencing court. On this basis, the Court concludes that the petition must be dismissed, unless Petitioner's claims qualify under the savings clause.

### a. *Savings Clause*

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241, but a petitioner may do so only if the remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Alaimalo v. United States*, 636 F.3d 1092, 1096 (9th Cir. 2011) (citing *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." *Id.* Section 2255 petitions are rarely found to be inadequate or ineffective. *See e.g.*, *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); *Tripati*, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); *see also Williams v. Heritage*, 250 F.2d 390, 391 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). The Ninth Circuit has established two requirements in this circumstance, holding "that a § 2241 petition is available under the 'escape hatch' of §

3

17cv1928-MMA (BGS)

2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner does not argue that seeking relief under § 2255 would be inadequate or ineffective to test the validity of his detention and the Court finds no basis to qualify his claims under the savings clause. *See* Doc. No. 1. Petitioner's claims are not claims of "actual innocence," and he has not demonstrated that he had an obstructed procedural shot at presenting his claim through a § 2255 motion. *See id.* Thus, Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should also be dismissed for lack of jurisdiction.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** the petition for writ of habeas corpus as vague and for lack of jurisdiction. The Clerk of Court is instructed to enter judgment accordingly and close the case. The Clerk of Court is further instructed to send Petitioner a blank Southern District of California 28 U.S.C. § 2255 Petition form along with a copy of this Order should Petitioner choose to file a petition for writ of habeas corpus challenging the validity and constitutionality of his conviction arising from Case No. 16CR2750-W.

**IT IS SO ORDERED**.

Dated: October 13, 2017

Hon. Michael M. Anello
United States District Judge

4

17cv1928-MMA (BGS)